```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TIMOTEO CAMPA FLORES,                                REPORT AND
                        Plaintiff,                   RECOMMENDATION
        -against-
NEW SUNSTONE MEXICAN FOOD, INC., et al.,             17-CV-2941 (RJD) (JO)
                        Defendants.
------------------------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

  Plaintiff Timoteo Campa Flores ("Campa") accuses defendant New Sunstone Mexican Food, Inc., d/b/a Sunstone Tortillas Express ("Sunstone") and its principals, defendants Guang Yao Jiang and Xian Sai of failing to pay him the wages to which he was entitled under federal and state law. *See* Docket Entry ("DE") 1 ("Complaint"); Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); New York Labor Law §§ 190, 650, *et seq.* ("NYLL"). The defendants did not respond, and Campa now seeks a default judgment. DE 15. Upon a referral from the Honorable Raymond J. Dearie, United States District Judge, I now make this report and for the reasons set forth below respectfully recommend that the court enter judgment against the defendants jointly and severally in the total amount of $263,039.56.

I.  Background

  The following factual summary derives from the Complaint's unrebutted non-conclusory allegations. Campa worked for the defendants from approximately May 2013 until April 7, 2017, primarily handling deliveries but spending more than twenty percent of his time on other duties. *See* Complaint ¶¶ 43-45. Campa worked approximately 70 hours per week and received a fixed weekly cash wage of $240 until approximately May 2015, when it rose to $250. *See id.* ¶¶ 49-51; DE 18 (Campa's supporting declaration) ("Campa Decl.") ¶ 16. The defendants did not pay Campa the minimum, overtime, and spread-of-hours wages to which he was entitled, nor did they maintain or

provide him with the wage notice or statements required under federal and state law. *See* Complaint ¶¶ 52-60.

On May 15, 2017, Campa filed his Complaint asserting eight causes of action. The first two claims contend that the defendants violated the FLSA by failing to pay Campa minimum and overtime wages. *See id.* ¶¶ 83-96. The next three claims assert parallel claims under the NYLL, as well as a claim for spread-of-hours wages. *See id.* ¶¶ 97-109. The sixth and seventh claims accuse the defendants of failing to provide Campa with the notice and pay statements required under the NYLL. *See id.* ¶¶ 110-15. Finally, the eighth cause of action claims that the defendants violated the NYLL by requiring Campa to pay for the tools of his trade without reimbursement. *See id.* ¶¶ 116-18.

Campa effectively served process on each defendant. *See* DE 5 (Sunstone); DE 7 (Guang Yao Jiang); DE 8 (Xian Sai). No defendant responded, and Campa – having been prompted by an order requiring him to take action or risk dismissal for failure to prosecute, *see* Order dated July 10, 2017 – asked the Clerk to enter the default of each. *See* DE 9; DE 10-1. The Clerk did so on August 4, 2017. *See* DE 11; DE 12; DE 13. Campa again failed to move the case forward for over three months until, prompted by another threat of dismissal for failure to prosecute, he filed the instant motion for default judgment on December 14, 2017, and served it on each defendant. *See* Order dated Dec. 7, 2017; DE 15 (motion); DE 16 (supporting memorandum) ("Memo."); DE 17 (counsel's supporting declaration with exhibits) ("Androphy Decl."); Campa Decl.; DE 19 (service affidavit). I afforded all parties an opportunity to supplement the record, and Campa served that order on the defendants as well. *See* Order dated Mar. 28, 2018; DE 20. Campa's counsel filed and served a supplemental declaration with exhibits that included a spreadsheet summarizing the relief Campa seeks as well as a summary of counsel's billing records. *See* DE 21 ("Androphy Supp. Decl.");

DE 21-3 at 43-44 (spreadsheet); DE 21-4 ("Billing Records"); DE 22 (service affidavit). The court referred the motion to me by Order dated March 28, 2018.

II. Discussion

    A. Default

When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). The fact that a complaint stands unanswered, however, does not suffice to establish liability on its claims: it remains the plaintiff's burden to demonstrate the defendant's liability on each asserted cause of action. *See, e.g., id.* at 84.

If the defaulted complaint establishes liability, the court must then "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal quotation marks omitted). Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing. *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991). When a defendant defaults in an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are presumptively correct. *Chun Jie Yin v. Kim*, 2008 WL 906736, at *3 (E.D.N.Y. Apr. 1, 2008) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997)).

    B. Substantive Federal and State Wage Law

The FLSA applies to "employers," a class that the statute defines broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). To fall within the ambit of the FLSA's wage and overtime protections, an employee must demonstrate either that he was "engaged in commerce or in the production of goods for commerce," or that his employer was "an enterprise engaged in commerce or in the production of

3

goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1); *see also Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257-58 (E.D.N.Y. 2007), *aff'd*, 577 F.3d 93 (2d Cir. 2009).

The FLSA requires employers to pay their employees the statutory minimum wage as well as a premium (150 percent of the employee's regular rate of pay) for hours worked above 40 hours per week. 29 U.S.C. §§ 206(a), 207(a)(1). Further, an employer must "make, keep, and preserve" records of employee wages, hours, and employment conditions. *See id.* § 211(c). An employee bringing an action for unpaid overtime compensation under the FLSA has the burden of proving that he performed work for which he was not properly compensated. *Reich*, 121 F.3d at 66-67 (citing *Mt. Clemens Pottery Co.*, 328 U.S. at 687-88); *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) (citations omitted). If an employer fails to keep the required records, the plaintiff may meet this burden "'if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Reich*, 121 F.3d at 66-67 (quoting *Mt. Clemens Pottery Co.*, 328 U.S. at 687-88). A plaintiff may do so solely through his or her own recollection. *Rivera*, 497 F. Supp. 2d at 388 (citing *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)). Finally, the FLSA prohibits an employer from eating into an employee's statutory wages by forcing the employee to provide necessary work equipment at the employee's own cost. *See* 29 C.F.R. § 531.35 (1967); 29 U.S.C. § 206(a).

The relevant provisions of the NYLL mirror the FLSA in most but not all respects. Similar to the FLSA, New York defines an employer as a "person … employing any" employee. NYLL § 190(3). It likewise requires employers to pay any employee who works as "a mechanic, workingman, or laborer" on a weekly basis with each payment made "not later than seven calendar days after the end of the week in which the wages are earned." *Id.* §§ 190(4), 191(1)(a)(i). New York also mandates a 150 percent premium for overtime work. 12 N.Y.C.R.R. § 142-2.2. New York law

likewise prohibits employers from forcing employees to pay for the tools of their trade. *See* NYLL §§ 193, 198-b. Unlike the FLSA, however, New York law does not require the plaintiff to show a nexus with interstate commerce or any minimum amount of annual sales. *Chun Jie Yin*, 2008 WL 906736, at *4. New York also provides for a longer limitations period: while claims under the FLSA must be brought within two years of a violation (or three years for a willful violation), the corresponding period under the NYLL is six years. *See* 29 U.S.C. § 255(a); NYLL § 663(3). In addition, New York law offers workers protections the FLSA does not: it requires employers to pay "spread-of-hours" wages to their employees equivalent to an hour of minimum wage for each work day longer than ten hours; to provide annual wage notices to employees hired after April 9, 2011; and to provide each employee with accurate wage statements at the time wages are paid. *See* NYLL §§ 195(1)(a) & (3); 12 N.Y.C.R.R. § 142-2.4.

    C.    <u>Liability</u>

The defendants' default establishes the truth of Campa's factual allegations concerning their failure to pay minimum, overtime, and spread-of-hours pay; their failure to provide wage notices and statements; and their failure to reimburse him for job-related expenses. In order to establish the defendants' liability, Campa must also establish that the defendants employed him for purposes of applicable law, and that he is within the class of persons entitled to the wage laws' protections. As discussed below, I conclude that he has done so and that he therefore has established each defendant's liability on all of the Complaint's claims.

    1.    <u>Employers</u>

The applicable federal and state statutes have similar standards to determine whether a party qualifies as a plaintiff's employer. *See Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003); 29 U.S.C. § 203(d) (defining an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee"); NYLL § 2(6) (defining an employer as a

5

"person employing any" employee). I therefore rely on case law interpreting the FLSA in considering whether each defendant employed Campa for purposes of the wage laws.

Recognizing the FLSA's remedial purpose, courts in this jurisdiction have adopted an expansive view of the employment relationships to which the wage laws apply. *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). To determine whether the Complaint adequately alleges that each of the defendants employed Campa for purposes of his wage claims, the court should consider the economic reality of his relationship with each defendant. The relevant factors include the extent to which each had the power to hire and fire Campa, supervised and controlled his work schedule or the conditions of his employment, determined the rate and method of his pay, and maintained employment records. *Id.* at 12 & n.1 (internal citations omitted). No single factor is dispositive, and "any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

Campa adequately alleges that all three defendants employed him at the Sunstone restaurant, and in particular, that each of the individual defendants had authority to hire and fire him and to control his working conditions and compensation. *See* Complaint ¶¶ 30-34, 38. As a result, they are jointly and severally liable for the claimed statutory violations. *See* 29 C.F.R. § 791.2(b)(3) ("a joint employment relationship generally will be considered to exist ... [w]here the employers ... may be deemed to share control of the employee ... [because] one employer controls ... the other employer"); *see also Drozd v. Vlaval Const. Inc.*, 2011 WL 9192036, at *6 (E.D.N.Y. Oct. 18, 2011) (collecting cases); *Shim v. Millennium Grp., LLC*, 2010 WL 409949, at *1 (E.D.N.Y. Jan. 27, 2010) (imposing joint and several liability under FLSA where complaint contained allegations of actions taken collectively by multiple defendant employers).

        2.        <u>Applicability of the FLSA</u>

To establish coverage under the FLSA, an employee must demonstrate that he was personally "engaged in commerce or in the production of goods for commerce," or that his employer was "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1); *see Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007) (discussing individual and enterprise coverage). I conclude that Campa has made factual allegations sufficient to establish enterprise coverage under the FLSA.

To properly plead enterprise coverage, an employee must demonstrate that an employer has annual gross sales or revenues greater than $500,000 and regularly and recurrently has two or more employees either engaged in commerce or "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce[.]" 29 U.S.C. § 203(s)(1)(A)(i)-(ii); *see* 29 C.F.R. § 779.238. Campa has satisfied that requirement by pleading that from 2013 to 2017, the defendants had gross sales of at least $500,000 and that their restaurant daily sold items such as meat and lettuce that were produced outside of New York. *See* Complaint ¶¶ 39-40.

    D.    <u>Relief</u>

        1.        <u>Unpaid Wages</u>

Campa is entitled to recover damages for a longer period under the FLSA if he demonstrates that the defendants acted willfully. *See* 29 U.S.C. § 255(a). The issue is moot, however, because Campa is in any event entitled to recover the same damages (and more) for an even longer period under the NYLL without having to make a showing of willfulness. Accordingly, because Campa is not entitled to recover cumulative damages under the two statutory regimes, but may instead recover only under the statute that provides for the greatest amount of damages, the court need not make a

finding as to willfulness. *See, e.g., Cao v. Wu Liang Ye Lexington Rest., Inc.*, 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010).[1]

Both the FLSA and the NYLL provided for a minimum hourly wage of $7.25 from the start of the damages period in 2011 through most of 2013. The New York minimum hourly wage rose at the end of each year from 2013 through 2016: to $8.00 on December 31, 2013; to $8.75 the following year; to $9.00 the year after that, and (in New York City) to $11.00 at the end of 2016. *See* 29 U.S.C. §§ 206(a); 12 N.Y.C.R.R. § 146-1.2. Both jurisdictions require employers to pay workers one-and-one half times their regular rate for each hour worked over forty hours worked in a week. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4. In addition, the NYLL's "spread-of-hours" provision entitles Campa to one additional hour of pay at the minimum hourly wage for each day he worked over ten hours. NYLL § 650 *et seq.*; 12 N.Y.C.R.R. § 142-2.4.

Campa worked 70 hours per week (including 40 regular hours and 30 overtime hours) for approximately 207 weeks. He worked more than ten hours per day, and thus earned spread-of-hours wages, six days per week throughout his employment. Applying the applicable wage rates to that schedule and subtracting the wages the defendants paid him, I calculate that on the first five causes of action, the defendants owe Campa $19,660.00 in minimum wages ($69,870.00 in earned wages minus the $50,210 the defendants paid him); $78,603.75 in overtime wages; and $10,480.50 in spread-of-hours wages; or a total of $108,744.25 in unpaid wages.

---

[1] If the issue were not moot, I would recommend against a finding of willfulness. Campa makes only conclusory allegations that the defendants acted willfully. *See* Complaint ¶¶ 75, 81, 88, 95, 100, 104, 108. Such boilerplate is insufficient, even in the context of a default. *See Solis v. Tally Young Cosmetics, LLC*, 2011 WL 1240341, at *5 (E.D.N.Y. Mar. 4, 2011) (citing cases) (report and recommendation), *adopted*, 2011 WL 1240108 (E.D.N.Y. Mar. 30, 2011).

2. <u>Liquidated Damages</u>

Federal and state law provide for an additional award of liquidated damages to a plaintiff who establishes that her employer has failed to pay required wages. An employer who violates the FLSA "shall be liable" for unpaid minimum and overtime wages in "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).[2] The same amount of liquidated damages is available under the NYLL. *See* NYLL § 198(1-a). Because the two regimes provide for the same measure of liquidated damages, they presumably are designed to remedy similar harms; accordingly, the court should award liquidated damages only under one statute rather than award cumulative liquidated damages under both. *See, e.g., Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 91 n.11 (E.D.N.Y. 2012); *see also Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 381 & n.3 (E.D.N.Y. 2013) (rejecting request for cumulative awards of liquidated damages), *aff'd*, 568 F. App'x 78 (2d Cir. 2014). I calculate the liquidated damages the defendants owe under New York law, which guarantees spread-of-hours wages in addition to minimum and overtime wages. *See, e.g., Carrasco–Flores v. Comprehensive Health Care & Rehab. Servs., LLC*, 2014 WL 4954629, at *5-7 (E.D.N.Y. Oct. 2, 2014). I therefore conclude that on his first five causes of action, Campa is entitled to $108,744.25 in liquidated damages.

3. <u>Wage Notice</u>

An employee who does not receive a wage notice within ten business days of his or her first day of employment may recover $50 for each workday that the violation continues, up to a maximum of $5,000. NYLL § 198(1-b). Campa worked far more than 100 days without ever

---

[2] A defendant employer can avoid such an award by proving that the violation was the result of a good faith error. *See* 29 U.S.C. § 260; *see Reich*, 121 F.3d at 70-71. A defaulting defendant necessarily fails to meet that burden and should therefore be liable for liquidated damages. *See Castellanos v. Deli Casagrande Corp.*, 2013 WL 1207058, at *6 (E.D.N.Y. Mar. 7, 2013) (report and recommendation), *adopted*, 2013 WL 1209311 (E.D.N.Y. Mar. 25, 2013).

receiving the required notice. *See* Complaint ¶ 111; Campa Decl. ¶ 20. Accordingly, on the sixth cause of action, Campa is entitled to $5,000.00 for the notice violation.

### 4. Wage Statements

New York law requires employers, when paying an employee's wages, to provide the employee a wage statement containing certain information, including the hours being compensated, the wages paid, and any deductions. *See* NYLL § 195(3). An employee may recover $250 per day for each violation, up to a maximum of $5,000. *See* NYLL §§ 195(1)(a), 197, 198(1-d). The defendants failed to provide Campa with the required wage statements for more than fifty days. *See* Complaint ¶ 114; Campa Decl. ¶ 20.[3] Accordingly, on the seventh cause of action, Campa is entitled to $5,000.00 for the wage statement violation.

### 5. Equipment Costs

As noted above, the Complaint's uncontested allegations suffice to establish the defendants' liability for failing to reimburse Campa for the tools of his delivery work. But while those allegations are deemed true for purposes of liability, the court cannot rely on them to determine the amount of damages the defendants owe. Instead, Campa must adduce evidence to establish such damages to a reasonable certainty. He has not done so: he has neither described his unreimbursed equipment costs nor provided any documentation of his expenses. Because Campa has failed to establish his damages on the eighth cause of action with any reasonable certainty, I respectfully recommend against any award on that count.

---

[3] The daily and maximum amounts were lower before December 29, 2014, when New York amended the statute. *See* NYLL § 198(1-d); *Gonsalez v. Marin*, 2014 WL 2514704, at *7–8 (E.D.N.Y. Apr. 25, 2014) (report and recommendation), *adopted*, 2014 WL 2526918 (E.D.N.Y. June 4, 2014). Because the amount of damages accrued after the amendment exceeded the maximum, the change in the law has no effect on the outcome here.

6.      Prejudgment Interest

New York law generally provides for an award of prejudgment interest on a variety of claims, including the claims for unpaid wages asserted here, at an annual rate of nine percent. *See* N.Y. C.P.L.R. §§ 5001, 5004. Where, as here, "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.* § 5001(b). A court has discretion to choose a reasonable accrual date. *Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 512 (2d Cir. 1994). Courts often select the median date between the earliest ascertainable date the action arose and the date the plaintiff filed suit. *See, e.g., Pavia v. Around the Clock Grocery, Inc.*, 2005 WL 4655383, at *8 (E.D.N.Y. Nov. 15, 2005). Campa began his employment in May 2013 (I will use Monday, May 6, 2013 as his presumptive starting date), and filed suit on May 15, 2017; the median between those dates is May 11, 2015. Applying a nine percent annual interest rate to a principal amount of $108,744.25 (the total unpaid wages) over a 3.39 year period between the median date and September 30, 2018 (a reasonably likely judgment date after allowing for objections to this report), I calculate that the defendants owe Campa $33,139.81 in interest.

7.      Attorneys' Fees and Costs

Both federal and state law authorize the court to award Campa his reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); NYLL § 663(1). Courts in this circuit assess fee applications using the "lodestar method," under which a reasonable hourly rate is multiplied by a reasonable number of hours expended. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *King v. JCS Enters., Inc.*, 325 F. Supp. 2d 162, 166 (E.D.N.Y. 2004) (citing cases).[4] A reasonable hourly rate is the rate a

---

[4] I use the term "lodestar" only for ease of reference. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 n.4 (2d Cir. 2008); *see also Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (describing the lodestar as producing a "presumptively reasonable

"reasonable, paying client" would be willing to pay. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420-21 (2d Cir. 2010); *Manzo v. Sovereign Motor Cars, Ltd.*, 2010 WL 1930237, at *7 (E.D.N.Y. May 11, 2010). Reasonable hourly rates are informed in part by the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Ferrara v. All Am. Trucking Servs., Inc.*, 2012 WL 1042936, at *7 (E.D.N.Y. Feb. 17, 2012) (report and recommendation, quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)), *adopted*, 2012 WL 1041820 (E.D.N.Y. Mar. 28, 2012). District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances. *Scott v. City of N.Y.*, 626 F.3d 130, 133-34 (2d Cir. 2010). Inadequate documentation warrants reduction of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Levy v. Powell*, 2005 WL 1719972, at *7-8 (E.D.N.Y. July 22, 2005).

Campa seeks reimbursement for his counsel in the amount of $3,226.65 at the following hourly rates: $450 for partner Michael Faillace ("Faillace"), who has over thirty years of experience; $400 for attorney Joshua Androphy ("Androphy"), who has more than 10 years of litigation experience in the relevant practice area; and $125 for paralegal assistants. DE 21 ¶¶ 7-13. Each of

---

fee" and noting that failure to calculate it as a starting point in determining a fee award is "legal error").

the claimed rates exceeds the hourly rates for comparable professionals normally awarded in similar cases in this district. Consistent with applicable precedent, I respectfully recommend that the court award fees based on the following hourly rates: $350 for Faillace, $250 for Androphy, and $75 for paralegal assistants. *See, e.g.*, *Lopez v. Royal Thai Plus, LLC*, 2018 WL 1770660, at *13 (E.D.N.Y. Feb. 6, 2018) (report and recommendation) (recommending the same hourly rate for Faillace and citing cases awarding the same hourly rate for paralegal assistants), *adopted*, 2018 WL 1770555 (E.D.N.Y. Apr. 12, 2018); *Quiroz v. Luigi's Dolceria, Inc.*, 2016 WL 6311868, at *4 (E.D.N.Y. Oct. 28, 2016) (awarding same hourly rates for Faillace and Androphy).

Campa's counsel billed a total of 10.45 hours of work as summarized below. Having reviewed counsel's Billing Records, I conclude that the hours claimed are reasonable. I therefore recommend the court award attorneys' fees in the amount of $2,011.25, as set forth below.

| Professional | Hourly Rate | | Hours Worked | Adjusted Fee |
| --- | --- | --- | --- | --- |
| | Claimed | Adjusted | | |
| Faillace | $450 | $350 | 2.30 | $805.00 |
| Androphy | $400 | $250 | 3.40 | $850.00 |
| Paralegal assistants | $125 | $75 | 4.75 | $356.25 |
| Total | | | 10.45 | $2.011.25 |

The only cost for which Campa seeks reimbursement is the $400 filing fee. *See* Billing Records at 2. The docket conclusively establishes that he paid that amount, and I therefore respectfully recommend that the court require the defendants to reimburse Campa for it.

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court enter judgment against the defendants jointly and severally in the total amount of $263,039.56, consisting of $108,744.25 in unpaid wages, the same amount in liquidated damages, $5,000 for each of the two records-related violations, $33,139.81 in prejudgment interest, $2,011.25 in attorney's fees, and $400 in costs.

IV. <u>Objections</u>

I direct the plaintiff to serve a copy of this Report and Recommendation on each defendant by certified mail, and to file proof of service no later than September 17, 2018. Any objections to this Report and Recommendation are due by September 27, 2018. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
September 13, 2018

                                                                           /s/
                                                   James Orenstein
                                                 U.S. Magistrate Judge